# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAPTAIN PINEDA, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01076-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN TWENTY DAYS |

Plaintiff Charles T. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on July 25, 2008. In his complaint, Plaintiff alleges that he filed a grievance on July 23, 2008, the day he submitted his complaint, but the process is not complete. Plaintiff alleges that he is under threat of imminent harm and does not have time to exhaust.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S.

///

1  731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating
2  to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

3      The Court takes judicial notice of the fact that the California Department of Corrections and
4  Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit.
5  15 § 3084.1 (2008). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a).
6  Four levels of appeal are involved, including the informal level, first formal level, second formal
7  level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must
8  be submitted within fifteen working days of the event being appealed, and the process is initiated by
9  submission of the appeal to the informal level, or in some circumstances, the first formal level. Id.
10 at §§ 3084.5, 3084.6(c).

11     In order to satisfy section 1997e(a), California state prisoners are required to use the available
12 process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378,
13 2383 (2006); McKinney, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and
14 . . . unexhausted claims cannot be brought in court." Jones, 127 S.Ct. at 918-19 (citing Porter, 435
15 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet
16 federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting
17 Booth, 532 U.S. at 739 n.5). There is no exception to the exhaustion requirement for imminent
18 harm. Because it is clear from the face of Plaintiff's complaint that he has not yet exhausted, this
19 action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.
20 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

21     Accordingly, it is HEREBY RECOMMENDED that this action be dismissed, without
22 prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims
23 prior to filing suit.

24     This Finding and Recommendation will be submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **twenty (20)**
26 **days** after being served with this Finding and Recommendation, Plaintiff may file written objections
27 with the Court. The document should be captioned "Objection to Magistrate Judge's Finding and
28 ///

1  Recommendation." Plaintiff is advised that failure to file objections within the specified time may
2  waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3
4  IT IS SO ORDERED.
5  **Dated:   August 4, 2008**               /s/ Sandra M. Snyder
                                           UNITED STATES MAGISTRATE JUDGE