# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES T. DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAPTAIN PINEDA, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-01076-AWI-SMS PC<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, AND DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Docs. 1 and 7) |

　　　　Plaintiff Charles T. Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

　　　　On August 4, 2008, the Magistrate Judge filed a Findings and Recommendations that recommended this action be dismissed because Plaintiff did not complete the administrative appeals process prior to filing this action. Plaintiff filed a timely Objection on August 11, 2008.

　　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis. In the Objection Plaintiff contends that the court has the power to not dismiss this action and enter a temporary restraining order while Plaintiff is exhausting his administrative appeals. Plaintiff seeks the creation of an exception to the exhaustion requirement in cases where the Plaintiff will be harmed if the Plaintiff waits to finish the administrative appeals process prior to filing suit. No statute or case

authority has created this exception to the exhaustion requirement. As such, the court must find that Plaintiff was required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). The fact Plaintiff only seeks an injunction is not dispositive because exhaustion is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001).

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed August 4, 2008, is adopted in full; and
2. This action is dismissed, without prejudice, based on Plaintiff's failure to comply with 42 U.S.C. § 1997e(a) by exhausting his claims prior to filing suit.

IT IS SO ORDERED.

**Dated:   September 6, 2008**              /s/ **Anthony W. Ishii**
                                            CHIEF UNITED STATES DISTRICT JUDGE